MELINDA HAAG (CABN 132612)
United States Attorney

J. DOUGLAS WILSON (DCBN 412811)
Chief, Criminal Division

DAMALI A. TAYLOR (CABN 262489)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6401
    FAX: (415) 436-7234
    damali.taylor@usdoj.gov

Attorneys for United States of America

FILED
2014 APR 24  P 2: 39

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> v. <br> MONZELL HARDING, <br> Defendant. | CASE NO. 13-0764 WHO <br><br> [PROPOSED] ORDER DETAINING DEFENDANT MONZELL HARDING PENDING TRIAL <br><br> Date: April 2, 2014 <br> Time: 9:30 a.m. <br> Court: Hon. Joseph C. Spero |

Defendant MONZELL HARDING has been charged via Superseding Indictment with conspiracy to conduct the affairs of an enterprise through a pattern of racketeering activity, in violation of 18 U.S.C. § 1962(d). The Superseding Indictment contains special sentencing factors. Specifically, it alleges that the defendant and other members of criminal street gang Central Divis Players, or "CDP," conspired to commit murder, in violation of California Penal Code Sections 187, 188, 189 and 182. At arraignment on the Superseding Indictment, the United States moved for detention. The defendant, represented by Severa Keith, Esquire, initially waived detention, but then subsequently requested a detention hearing. On April 2, 2014, this Court heard the arguments of the parties. Mr. Harding was present, in custody, and represented by counsel. Following the hearing pursuant to 18 U.S.C. § 3142(f), and considering the Pretrial Services report, the arguments of the parties, the Superseding Indictment

filed in this case, and the factors set forth in 18 U.S.C. § 3142(g), the Court ordered defendant detained. The Court found that, by clear and convincing evidence, no condition or combination of conditions in 18 U.S.C. § 3142(c) will reasonably assure the safety of any other person and the community. See 18 U.S.C. §§ 3142(e) and (f); United States v. Motamedi, 767 F.2d 1403, 1406 (9th Cir. 1985). The Court also found by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the defendant's presence in court. *Id.*

With respect to risk of flight, the Court noted the following: 1) the defendant evaded law enforcement for approximately one month while knowing he was named in a federal indictment, 2) the defendant fled from FBI agents at the time of his arrest and had to be forcibly restrained, 3) the defendant has prior violations of probation, 4) the defendant's mother has refused to post the property she owns in support of his release, and 5) the defendant was on probation at the time he committed the offense that led to his previous conviction.

With respect to the danger the defendant poses to the community, the Court noted: 1) the extremely serious nature of the current charges and penalties the defendant is facing, 2) the defendant's criminal history, including his 2010 conviction for robbery, in violation of California Penal Code 211, as well as his 2013 conviction for receipt of stolen property in connection with his involvement with other gang members who committed a residential burglary, in violation of California Penal Code 496, 3) the defendant's efforts to intimidate a testifying witness during the preliminary hearing in the state murder case against fellow gang member, Charles Heard.

The defendant reserved the right to present information at a future bail hearing should his circumstances change. See 18 U.S.C. § 3142(f) ("The hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.")

[PROPOSED] DETENTION ORDER
No. CR-13-0764 WHO

## ORDER

The defendant is ordered detained, as no condition or combination of conditions in 18 U.S.C. § 3142(c) will reasonably assure the appearance of defendant as required and the safety of any other person and the community. Pursuant to 18 U.S.C. § 3142(f), the detention hearing may be reopened at defendant's request at a future time should his circumstances change.

The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. See 18 U.S.C. § 3142(i)(2). Defendant must be afforded a reasonable opportunity to consult privately with counsel. See 18 U.S.C. § 3142(i)(3). On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility must deliver defendant to the United States Marshal for a court appearance. See 18 U.S.C. § 3142(i)(4).

IT IS SO ORDERED.

DATED: April __, 2014

HON. JOSEPH C. SPERO
United States Magistrate Judge