UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MONZELL HARDING, et al,<br><br>Defendants. | Case No. 13-cr-00764-WHO<br><br>**ORDER DENYING MONZELL HARDING'S MOTION TO SEVER AND EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT**<br><br>Re: Dkt. No. 310 |

Defendant Monzell Harding brings a motion to sever for the same reasons earlier articulated by co-defendants Lupe Mercado and Paul Robeson--in essence, that it would be prejudicial to try Harding with other defendants because of the spillover effect of the evidence against the others since Harding is charged with less serious overt acts (witness intimidation and theft of an iPod) than many of the other defendants (murder, attempted murder, sale of illegal drugs, prostitution) and the risk that a jury may not assess the evidence presented against him individually but rather find him guilty because of his association with the others. For the reasons discussed in my orders on the previous severance motions (*see* Dkt. Nos. 120, 166), I DENY Harding's motion.

Fundamentally, I am not persuaded that there is manifest prejudice from the alleged spillover effect if Harding is tried with others whose alleged acts are on their face more serious.[1] A jury will be able to evaluate the evidence related to Harding, and limiting instructions will ensure that there is no spillover effect. The alleged enterprise of the Central Divisadero Playas (CDP) includes acts of violence, murder, the sale of drugs and prostitution, among other things, in

---

[1] As I have indicated before, I do not intend to try all eleven defendants at once. I will make grouping decisions, if appropriate, closer to trial.

1  addition to other acts that Harding is alleged to have committed.  The government will have to
2  prove the enterprise in Harding's trial in addition to his overt acts, whether he is tried separately or
3  with all the purported CDP members.  There is clearly no judicial economy in allowing a
4  severance.  No persuasive justification to sever has been offered in any of the three motions that
5  have been filed thus far.

6  Harding points out that he remains detained until trial, which creates a hardship for any
7  defendant.  I recognize that a quicker trial setting might bring the case to resolution faster, but only
8  if the trial date was not ultimately continued.  As the docket indicates, this case is complex.  While
9  a few defendants now assert their right to a speedy trial (Harding, Williams and Robeson at the
10 last hearing), many have expressed their need to review pole camera videos and other discovery.
11 Indeed, at the hearing on October 30, 2014, Williams's counsel estimated that it would take *15*
12 *years* for Williams to review the discovery unless procedures for access to the discovery changed.
13 Dkt. No. 281 at 68.  At their request, most of the defendants have been transferred to the San
14 Francisco County Jail and I have authorized the purchase of several computers for the express
15 purpose of allowing the defendants to review the discovery more expeditiously.  The series of
16 disclosures of discovery ordered as part of the Order Setting Pre-trial and Trial Schedule balances
17 the needs of the defendants to prepare their cases, the government's concern in securing the safety
18 of witnesses, and the need to get to trial as promptly as is practicable.  Setting a trial earlier than
19 March 21, 2016 is unrealistic, and given the number of defendants and the nature of the
20 prosecution, it is unreasonable to expect adequate preparation for pretrial proceedings for the trial
21 itself within the time limits of the Speedy Trial Act of 1974.

22 **IT IS SO ORDERED**.

23 Dated: April 13, 2015



WILLIAM H. ORRICK
United States District Judge