ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

GALEN A. PHILLIPS (CABN 307644)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7110
    Email: Galen.Phillips@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) CASE NO. 3:13-cr-00764-WHO |
|---|---|
|     Plaintiff, | ) |
|     v. | ) **DETENTION ORDER** |
| MONZELL HARDING, | ) |
|     Defendant. | ) |

    On December 4, 2024, defendant Monzell Harding was charged in a Petition for Warrant or Summons for Person Under Supervision with violating conditions of his supervised release (the "Form 12"). The Form 12 includes four alleged violations, including a violation resulting from Harding's refusal to provide to United States Probation the passcode for his cellular phone, which was seized as evidence when Harding was arrested on December 4, 2024, by the Colma City Police Department.

    This matter came before the Court on Friday, December 13, 2024, for a detention hearing.[1] The

---

[1] This matter also came before the Court on Tuesday, December 10, Wednesday, December 11, and Thursday, December 12, 2024. Harding was represented by First Assistant Federal Public Defender Candis Mitchell on December 10 and December 11. On December 11, Harding stated, through counsel, that he could not provide the passcode to his cellular phone because he shared the phone with a third party. After the hearing on December 11, Ms. Mitchell discovered a conflict that prevented her from continuing to represent Harding. On December 12, Federal Public Defender Elizabeth Falk stood by Harding's side in Court, though the Parties agreed to continue the matter to the following day for appointment of counsel and a further status on detention.

defendant was present and represented by Melissa Lubin. Assistant United States Attorney Galen A. Phillips appeared for the government. The government renewed its motion for detention, and the defendant again opposed. At the hearing, counsel submitted proffers and arguments regarding detention. Harding, through his counsel, provided the alleged passcode to his phone to Officer Alex Gerstel of Probation.

After the hearing on December 13, 2024, the Probation Office could not unlock Harding's phone using the passcode provided by Harding at the hearing. On Saturday, December 14, 2024, Harding, through his counsel, provided another passcode for his phone as the initial code provided to the Probation Office was apparently incorrect – with two numbers accidentally reversed.

This matter came before the Court on Monday, December 16, 2024, for a further status on detention. Harding, through his counsel, stated that one of the two passcodes he previously provided to the Probation Office should unlock his phone. To substantiate this claim, Harding's counsel noted that the passcode had a special significance to Harding. The Probation Office confirmed, however, that neither passcode would unlock Harding's phone.

Upon consideration of the facts, proffers and arguments presented, and for the reasons stated on the record, the Court finds that the Defendant has not satisfied his burden to establish, by clear and convincing evidence, that the person will not flee or pose a danger to any other person or to the community. Accordingly, the defendant must be detained pending resolution of the Form 12.

The present order supplements the Court's findings and order at the detention hearing and serves as written findings of fact and a statement of reasons as required by Title 18, United States Code, Section 3142(i)(1). As noted on the record, the Court makes the following finding as the basis for its conclusion: Harding has lacked candor with the Court concerning the passcode to his phone. This finding is made without prejudice to the defendant's right to seek review of defendant's detention, or file a motion for reconsideration if circumstances warrant it.

Pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

1.    The defendant be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

      2.      The defendant be afforded reasonable opportunity for private consultation with counsel; and

      3.      On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized United States Marshal for the purpose of any appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: December 17, 2024

_____
HONORABLE SALLIE KIM
United States Magistrate Judge